## BATES *v.* RAILWAY COMPANY.

### (*Nashville.* February 24, 1891.)

1. NEGLIGENCE. *Charge of Court.*

Suit against railway company for injuries to a boy of the age of nine years, which, it is averred, were the result of defendant's negligence in maintaining a turn-table "exposed and uninclosed and without any secure lock or fastening." The proof showed that defendant maintained a turn-table near a town, and in a place, away from the public road, frequented by boys and others for sport and recreation; that it was securely fastened by a wooden bolt which prevented its turning, but that this bolt could be removed by a boy of plaintiff's age; that, on a Sunday when the turn-table was not guarded, the plaintiff, with some companions, removed said bolt, and the plaintiff, endeavoring to leap upon the turn-table while his companions revolved it, had his leg crushed, necessitating amputation.

*Held:* That, upon this state of pleadings and proof, the Court should have charged: (1) "That the defendant was not required to so fasten or secure the turn-table that the boys, like the injured boy, could not displace such fastening and put the table in motion." (2) "That the defendant was not required to fasten the turn-table any more securely than necessary to keep it securely in place."

2. SAME. *Same.*

And it is error for the Court to qualify said propositions by the statement that the jury might consider "the amount of force or strength required to unfasten the turn-table."

3. SAME. *Same.*

And it is error for the Court to qualify said propositions by the statement that even if the turn-table were securely fastened, the company would be guilty of negligence if, by the exercise of ordinary care, it

Bates *v.* Railway Company.

could have provided against injury to boys interfering with its turn-table. This qualification renders the charge contradictory and confusing.

FROM HICKMAN.

Appeal in error from Circuit Court of Hickman County. E. D. PATTERSON, J.

PITTS & MEEKS for Bates.

ROY FITZPATRICK and CHARLES D. PORTER for Railway Company.

J. M. DICKINSON, Sp. J. This suit was brought by Bates, as next friend of his son, who, at the age of nine, was injured upon defendant's turn-table.

The proof shows that the turn-table was situated near the town of Centreville, away from the public road, but near a place frequented by boys and others for recreation and sport.

The accident occurred on Sunday, when no one in the employ of defendant was on duty. The turn-table was fastened by a sliding wooden bolt, which passed in a slot under the cross-ties, and could not be moved without this piece of timber being withdrawn. One of Bates' companions removed this bolt, and while the table was being revolved—it requiring the united efforts of three

or four of the boys—Bates, having said he was going to get on it or die as it came around, made an effort to do so, and slipped. His leg was caught between the end of the table and the track, and was crushed, necessitating amputation.

The declaration charges defendant with negligence in maintaining the turn-table "exposed and uninclosed and without any secure lock or fastening."

If defendant's negligence in any other respect caused the injury, it could not be looked to by the jury, inasmuch as the plaintiff has founded his action alone on the alleged negligence in having the turn-table exposed, unguarded, uninclosed, and without any secure lock or fastening.

On a previous trial there was a reversal, because the Circuit Judge refused to charge—

*First*—That the defendant was not required to so fasten or secure the turn-table that the boys like the injured boy could not displace such fastening and put the table in motion;

*Second*—That the defendant was not required to fasten the turn-table any more securely than necessary to keep it securely in place.

There was a new trial, resulting in a verdict against defendant.

Several errors are assigned. The writer is of the opinion that the entire assignment of errors is fatally defective, in that it does not comply with Rule 29 of this Court, and that the judgment should be affirmed, but the other members of the Court hold that they are sufficient.

Only the second and sixth grounds will be noticed. The second ground is, that the Judge charged that the jury, in deciding whether the defendant was negligent, might, among other things, consider "the amount of force or strength required to unfasten" the turn-table.

In a subsequent part of his charge he gave the jury the instructions approved by this Court, as above set out. These instructions should have eliminated from the case the question of the amount of force or strength required to unfasten the turn-table, as an element of negligence.

If the fastening was sufficient, if undisturbed, to hold the turn-table securely in place, the fact that it could be unfastened by a great or slight exertion of strength directed immediately to that purpose, could not properly be considered as an evidence of negligence on the part of defendant. And yet the Judge expressly instructed the jury that it might be looked to for this purpose. This error cannot be assumed to have been corrected by the subsequent part of the charge, and it is impossible to judge how far the jury may have been influenced by it.

Under the charge as given, the jury might infer negligence if they found the fastening sufficient to hold the turn-table securely in place; and, in addition, that boys like the injured boy could, by slight or even great exertion, remove it.

The sixth assignment of error is, that the Judge, while giving the instructions approved by

this Court, as above set out; improperly qualified them.    He charged as follows:

"If the turn-table of defendant was reasonably safe, located as it was and fastened as it was, it would be sufficient, and defendant. would not be liable; but if it was not reasonably safe, fastened as it was, under all the circumstances surrounding, it would not limit or lessen the liability of the company to show that other turn-tables belonging to the same company or to other railroad companies were fastened or secured in the same manner, nor that this was the customary mode of fastening turn-tables; but this is a circumstance proper to be looked to by you in determining the question of whether or not this railroad company exercised ordinary care under the circumstances of this case, the question in this case being whether this particular turn-table was reasonably safe under the circumstances.    The defendant was not required, under the law, to so fasten or secure the turn-table that boys like the plaintiff could not displace such fastenings and set the table in motion. On the contrary, defendant was only required to so fasten it as to keep it securely in its place. Yet, if the jury find from the evidence, notwithstanding the turn-table was not required to be so fastened as above stated, that defendant, its agents or employes, could, by the exercise of ordinary prudence and care, have avoided or prevented the injury to plaintiff, then they should find for the plaintiff, unless, as before stated and explained in

this charge, plaintiff's injury was brought about by his own negligence, in which event he could not recover. What would be the exercise of ordinary prudence and care on the part of defendant, its agents and employes, would be the care and prudence which men ordinarily and generally use under similar circumstances."

This is confusing, even upon the closest study and analysis, and just what direction it gave the minds of a jury it is difficult to conceive.

The charge used on the former trial, which was framed upon a conception of the law not harmonious with the instructions approved by this Court, was repeated on the second trial, with these instructions interpolated with an added qualification. The result is inharmonious, and the charge is conflicting. The jury is first instructed to ascertain whether or not the turn-table, as it was fastened, was reasonably safe under all the circumstances. This manifestly directed the inquiry as to the safety of the fastening as against interference by boys. He had previously, in directing the minds of the jury to a consideration of all the circumstances, told them to look to the attractiveness of the turn-table as a plaything, and the strength necessary to remove the fastening. Under this part of the charge the jury could find defendant guilty of negligence if the turn-table was so fastened that boys like those in question could open it. Then follows the instruction that the fact that the boys could displace the fastening was not sufficient

to convict defendant of negligence; and then the principle that defendant was ónly required to fasten it so as to keep it securely in its place.

This is in irreconcilable conflict with the prior instruction permitting them to find negligence if the fastening was not secure against interference by such boys. A fastening designed to prevent the tampering of persons has a wholly different purpose from one made to hold parts of machinery in place under the influence of natural causes and the operations for which it was constructed. Then follows the qualification that, notwithstanding what the Court has already charged, the jury may find for plaintiff if the evidence shows that defendant could by ordinary care have prevented the injury, although the turn-table was not required to be fastened so that boys like the plaintiff could not set it in motion.

The question under immediate consideration was the alleged negligence in respect of the fastening. This qualification upon the instructions approved by this Court, introduced and emphasized by a disjunctive, was tantamount to saying that having a fastening that such boys could undo was not of itself negligence; but if such was the case, and the damages incident to such interference by the boys, could, by ordinary care, have been provided against by defendant, it would be negligent for it not to do so. This might justify the jury in finding that, while it was not negligent in defendant to have a fastening that such boys could remove,

it would be negligent for not making it more diffi-
cult of removal than it was, or for not having a
watchman to guard against such interference.

These or any similar conclusions would be di-
rectly antagonistic to the principle already declared
by this Court, that defendant was only bound to
have a fastening adapted to securely hold the
turn-table in place. The minds of the jury were,
by the qualification stated, drawn away from this
instruction.

For the errors indicated, the cause will be re-
versed and remanded.