# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

FILED

July 16, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

AARON DANIEL HARPER and wife,    )
AMY ELIZABETH HARPER, surviving  )
natural parents of CHRISTOPHER   )
DANIEL HARPER, deceased,         )
                                 )
      Plaintiffs/Appellants,     )
                                 )
                                 )    Appeal No.
                                 )    01-A-01-9809-CV-00503
VS.                              )
                                 )    Davidson Circuit
                                 )    No. 97C-2156
J.D. ELLIOTT and wife,           )
ANITA R. ELLIOTT,                )
                                 )
      Defendants/Appellees.      )


APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE MARIETTA M. SHIPLEY, JUDGE


RICHARD H. BATSON II
329 Union Street
P. O. Box 198725
Nashville, Tennessee 37219-8725
    Attorney for Plaintiffs/Appellants

DAVID S. ZINN
Suite 102
2000 Glen Echo road
Nashville, Tennessee 37215-2857
    Attorney for Defendants/Appellees


AFFIRMED AND REMANDED


BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


CONCUR:
KOCH, J.
COTTRELL, J.

# O P I N I O N

The plaintiffs' four-year-old son wandered onto the defendants' property and drowned in their backyard pool. The plaintiffs charged the defendants with maintaining an attractive nuisance and in failing to take reasonable steps to prevent forseeable harm to trespassing children. The Circuit Court of Davidson County granted summary judgment to the defendants. We affirm.

## I.

The defendants own a home on Due West Avenue in Madison. In 1978 they constructed an in ground pool behind their house. In July of 1996 a wrought iron fence surrounded the pool; the vertical bars in the fence are spaced five and three-eighths inches apart and are forty-six inches high. Access to the pool area is through two gates with simple latches. The pool is also surrounded by a stone or concrete deck. A low diving board and a slide are permanent fixtures. On the date of the accident a portable slide was also on the pool deck, and colorful inflatable toys were located in and around the pool.

Due West Avenue is a busy four lane street at the location of the defendants' home. In June of 1996 the plaintiffs rented a duplex apartment a few doors east and on the same side of the street. The plaintiffs had two sons, four-year-old Christopher, and Matthew, aged two. On July 9, 1996, between 7:00 and 8:00 a.m., while his father was away on a job interview and his mother was asleep, Christopher left the house alone. Later that morning searchers found his body in the defendants' swimming pool. The defendants were away from home. There is no evidence of the route the child took, or how he entered the pool area. A police offficer speculated that he squeezed between the bars of the fence, took off his clothes, and slid down the slide into the pool.

The plaintiffs sued the defendants for the wrongful death of their child. The plaintiffs argued two separate but related theories. The first was a theory of general negligence: the defendants had a duty to prevent the harm that occurred to Christopher Harper. The second was that the pool was an attractive nuisance. The Circuit Court of Davidson County granted summary judgment to the defendants.

**II.**

Everyone owes to everyone else a duty of care that is reasonable under the circumstances. *Doe v. Linder Construction Co.*, 845 S.W.2d 173 (Tenn. 1992). A property owner's duty to third persons depends on the relationship of the injured party to the owner. To those persons on the owner's property with his/her consent, express or implied, the owner owes a duty to prevent forseeable harm to the invitee/licensee. *Hudson v. Gaitan*, 675 S.W.2d 699 (Tenn. 1984); *Eaton v. McLain*, 891 S.W.2d 587 (Tenn. 1994). To trespassers, on the other hand, the traditional rules have provided very little protection. *Toole v. Levitt*, 492 S.W.2d 230 (Tenn. App. 1972). Although the experts cite different reasons for these distinctions, *see Prosser on Torts* § 58 (1984); Harper & James, *Law of Torts* § 27.3 (1986), we think as good a reason as any is the knowledge of the landowner that other persons may be on his/her property. If the owner has no reason to know that outsiders are present on the property, there is no duty to make the property safe. If, however, trespassers habitually use the property, and that fact is known by the owner, a different duty may arise. *See* 62 Am.Jur.2d *Premises Liability* § 207; *Restatement of Torts 2d* § 335.

Most jurisdictions have adopted some special rules for trespassing children. *See* 62 Am.Jur.2d *Premises Liability* § 208, et seq. In our state, if a child has been enticed or lured onto the premises by the instrumentality or condition causing the harm (the attractive nuisance doctrine) or if the owner knows or should know that children habitually use the property as a playground (the playground

- 3 -

doctrine), the owner has a duty to exercise reasonable care to eliminate the dangerous condition or otherwise to protect the child or children. *Metropolitan Government of Nashville v. Counts*, 541 S.W.2d 133 (Tenn. 1976).

Roll the two doctrines together and you have something approximating the first subsection of the *Restatement of Torts 2d* § 339. *See Metropolitan Government of Nashville v. Counts*, 541 S.W.2d 133 (Tenn. 1976); John Wade, *Tennessee Survey-Torts*, 7 Vand. L. Rev. 931, 967 (1954). The *Restatement* outlines the conditions that must exist for a trespassing child to recover from the landowner. The first condition is: "(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass." So far as we are able to tell, however, the Tennessee courts have not adopted the *Restatement* position outright, but still treat the attractive nuisance doctrine separate from the playground doctrine.

The plaintiffs do not allege in this case that the defendants knew or should have known that children habitually used the property as a playground. However, they do assert that facts exist from which an inference could be drawn that Christopher was enticed onto the premises by the placement of colorful toys, the slides, and the diving board. *See Dupont Rayon Co. v. Roberson*, 12 Tenn. App. 261 (1930).

The trouble with this theory is that there is no evidence of where the child entered the defendants' property or what could be seen by a four-year-old child from the sidewalk in front of the house. The father stated in his deposition that since the accident, he had been able to see the pool area from a car on the street while traveling on the west side of the house. Even then he was not sure what portion of the pool he could see. He had never noticed the pool prior to the accident. A video tape of a news broadcast from a local television station showed the colorful objects

around the pool, but there is no indication that these things could be seen from the sidewalk.

The same video tape includes an interview with a resident at a retirement home to the rear and east of the defendants' property. He recites how the child frequently came back to visit him; how he would give him candy and send him back home. We think it is just as plausible that the child entered the defendants' property from the east, and there is no evidence that the pool area can be seen at all from that perspective.

In *McCormick v. Williams*, 397 P.2d 392 (Kan. 1964), the Supreme Court of Kansas addressed the requirement that the dangerous condition must entice the child onto the property. The Court said, "It is necessary that the instrumentality alleged to be an attractive nuisance should have been situated as to entice the child onto the premises . . . It is not sufficient that it attract him after he has already become a trespasser." 397 P.2d at 395. Although we find no Tennessee cases using language that specific, that is apparently what the rule in Tennessee means. In *Cooper v. Overton*, 52 S.W. 183 (Tenn. 1899), the Court said that liability for injuries to trespassing children did not exist unless they are induced to <u>enter</u> upon the land by something unusual and attractively placed upon it by the owner. *See also Bloodworth v. Stuart*, 428 S.W.2d 786 (Tenn. 1968); *Pardue v. City of Sweetwater*, 390 S.W.2d 683 (Tenn. App. 1965). We think the rule in Tennessee still is that the allurement or enhancement must be visible from a place where the trespassing child had a right to be; it is not enough that the condition came into view after the child became a trespasser. There is no evidence in this record to support an inference that the child was lured onto the defendants' property by any thing in or about the pool.

We are also convinced that the result would be the same if we were to adopt the *Restatement* position fully. It is simply too much to say that the defendants'

knew or should have known that children were likely to trespass on their property. In all the years since they built the pool they had never known of a child coming onto their property uninvited. The street is a busy, four-lane street, making it highly improbable that a child small enough to fail to appreciate the danger of a swimming pool would be wandering alone in the neighborhood.

We affirm the judgment of the lower court and remand this cause to the Circuit Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellants.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
PATRICIA J. COTTRELL, JUDGE