IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 13, 2002 Session

## LEAH MICHELLE MILLER, ET AL. v. GARY RAY HILL, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 3-188-99      Wheeler A. Rosenbalm, Judge**

**FILED JANUARY 31, 2003**

**No. E2002-02018-COA-R3-CV**

---

Leah Michelle Miller, a minor, was injured while attempting to dismount a trampoline in the yard of a two-story duplex. Her parents, Robert G. Miller and Brenda Gail Miller ("the plaintiffs")[1], rented the lower unit of the duplex. The Millers sued their landlords, Gary Ray Hill and Martha Hill ("the Landlords"). They also named as defendants the occupants of the upstairs unit, Steve Cooper and Tanya Caldwell. The suit against these latter two defendants was based upon their ownership of the trampoline. The Landlords moved for summary judgment. They essentially argued that they owed no duty of care to the plaintiffs or their child with respect to the trampoline. The trial court granted the motion and entered a final judgment pursuant to Tenn. R. Civ. P. 54.02. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., joined. HERSCHEL P. FRANKS, J., filed a dissenting opinion.

James M. Crain, Knoxville, Tennessee, for the appellants, Leah Michelle Miller, by next friend, Brenda Gail Miller, Robert G. Miller and Brenda Gail Miller, individually.

Robert A. Crawford and Laura Bradley Myers, Knoxville, Tennessee, for the appellees, Gary Ray Hill and Martha Hill.

**OPINION**

---

[1] When we refer to the plaintiffs, we are talking about Mr. and Mrs. Miller.

I.

The Landlords were the owners of a duplex-styled rental house located at 8626 Hill Road in Knoxville. The house had two rental units; Unit A consisted of the second story while Unit B was the ground floor unit.

Unit A – the upper level – was rented first. It was leased to Tanya Caldwell and Steve Cooper, the latter being the brother of Martha Hill, one of the Landlords. For ease of reference, we will refer to these tenants as "the tenants Cooper." The tenants Cooper placed a trampoline in the side yard of the leased premises.

On or about May 16, 1997, the Landlords entered into a written lease with the plaintiffs for Unit B – the lower unit. When the plaintiffs moved with their two children into their unit, the trampoline was already in the yard. The plaintiffs' written lease contains the following provision labeled "Yard Maintenance:"[2]

> It is the Lessee's responsibility to maintain and mow the lawn, yard and hedges on a regular semi-monthly basis.

The plaintiffs allowed both of their children to use the trampoline, provided they first received permission from one of the tenants Cooper.

On or about March 25, 1998, Leah Miller, who was then almost nine years old, fell while trying to dismount the trampoline owned by the tenants Cooper. As a result of the fall, the child sustained a fracture to her elbow.

It is undisputed that both the plaintiffs and the tenants Cooper had the right to use the yard associated with the duplex residence. In other words, the land surrounding the structure was for the common use of the two families.

II.

The plaintiffs sued on behalf of their daughter and also in their individual capacities. Their original complaint charged that their daughter's foot "was caught by a portion of the padding on the frame of the trampoline which had come unlaced." The original complaint alleged the following as pertinent to the Landlords' liability:

> ... the trampoline maintained by [the tenants Cooper] with the knowledge and consent of [the Landlords] constitutes an attractive

---

[2]The lease signed by the tenants Cooper apparently contained the same provision.

nuisance; that all [d]efendants had actual knowledge of the regular use of said trampoline that [*sic*] by Leah Miller, that [d]efendants, by maintaining said attractive nuisance on this property, had a duty to assure that the same was properly maintained; and that [p]laintiffs [*sic*] injuries are direct and proximate result of their failure to perform this duty.

The plaintiffs subsequently amended their complaint to add the following:

Plaintiffs further aver that [the Landlords] knew that [the tenants Cooper] maintained this trampoline in the common area on their property; that [the Landlords], as landlords of [p]laintiffs, had the duty under TCA [§] 66-28-304(a)(3) to keep the common areas of the property in a safe condition; that this is a non-delegatable [*sic*] duty, that they failed or neglected to conduct any inspections of the trampoline to determine its continuing safety, and that their failure to do so is a proximate cause of the injuries suffered by ... Leah Miller.

Plaintiffs further aver that [the Landlords] knew that the trampoline located in the common area of this rental property was used not only by the children of [the tenants Cooper], but also by [p]laintiffs' children, [the Landlords'] own children, and other children in the neighborhood; that accordingly, under the playground doctrine, [the Landlords] had an obligation to maintain the property in a safe condition for such playing children, even as to trespassers; that they failed to perform this duty; and that their failure was a proximate cause of the injuries suffered by ... Leah Miller.

(Numbering of paragraphs omitted).

Liberally construing the plaintiffs' complaint, as amended, we perceive that it asserts claims against the Landlords based upon three theories: the common law; Tenn. Code Ann. § 66-28-304(a)(3) (1993)[3]; and the playground doctrine.

III.

---

[3]Tenn. Code Ann. § 66-28-304(a)(3) provides as follows:

The landlord shall: ... (3) [k]eep all common areas of the premises in a clean and safe condition;

In deciding a case in which the propriety of summary judgment is the issue, we must decide anew "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Since a motion for summary judgment presents a pure question of law, our review is *de novo* with no presumption of correctness as to the trial court's judgment. *See, e.g., Sullivan v. Baptist Memorial Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999).

While there are disputes between the parties as to certain facts, we find the facts that are *material* to the disposition of the Landlords' motion are not in dispute. *See Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993). Thus, the only question for us is whether those undisputed material facts "show ... that the moving party [*i.e.*, the Landlords] is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

IV.

A.

At common law, "where the landlord retains possession of a part of the premises for use in common by different tenants, the landlord is under a continuing duty imposed by law to exercise reasonable care to keep the common areas in good repair and safe condition." *Tedder v. Raskin*, 728 S.W.2d 343, 347-48 (Tenn. Ct. App. 1987). A landlord must act to correct a defective condition within a reasonable period of time once the landlord has actual or constructive notice of the condition. *Id.* at 348. "Thus, although the landlord is by no means an insurer of his tenants' safety, Tennessee common law has long held the landlord responsible for the condition of common areas under [the landlord's] control." *Id.*

In *Tedder*, the Court of Appeals addressed the issue "of a landlord's liability to tenants for criminal acts by third parties on the leased premises," in a case involving a shooting at a multi-tenant apartment building. *Id.* at 345. While the facts of the instant case are significantly different from those found in *Tedder*, that case is helpful because it examines the rationale behind the landlord's duty with respect to common areas:

> Since the landlord retains control over the common areas of the apartment building and grounds, the landlord is in a far superior position to take steps necessary to secure the premises for the safety of the tenants. Like guests at inns, tenants in multiple-apartment buildings whose leases are often of short duration cannot be expected individually to make the expenditures necessary to secure the common areas of the building, for example by installing locks on outside entrances, providing adequate lighting in hallways, and taking similar precautions. The landlord, on the other hand, is in a better position to provide reasonable security and spread the cost among the

-4-

tenants. The imposition by law of a duty on the landlord to take reasonable steps to secure the leased premises for the safety of the tenants was thus merely a logical extension of the existing common law governing the special relationship of innkeeper-guest.

*Id.* at 347.

The plaintiffs argue that, since the trampoline was located in a common area and since the Landlords were responsible for the common areas in this multi-tenant piece of real property, the Landlords were under a duty to keep the trampoline "in good repair and in safe condition," 17 Tenn. Jur. *Landlord & Tenant* § 23, at 342 (1994), and that their failure to do so imposes liability upon them for the claims asserted in the complaint.

The plaintiffs cite several cases in support of their position. *See Woods v. Forest Hill Cemetery, Inc.*, 183 Tenn. 413, 425, 192 S.W.2d 987, 991 (1946); *Wilcox v. Hines*, 100 Tenn. 538, 558, 46 S.W. 297, 302 (1898); *Stephen v. Murphree*, 58 Tenn. App. 497, 506, 433 S.W.2d 673, 677 (1968); *Grizzell v. Foxx*, 48 Tenn. App. 462, 467-68, 348 S.W.2d 815, 817 (1960). The cases cited by the plaintiffs deal with walkways and passageways, but not yards as such. Nevertheless, we agree with the plaintiffs that the yard surrounding this duplex residence qualifies as a common area. We reject the Landlords' argument that the tenants' "responsibility to maintain and mow the lawn, yard and hedges" in some way relieves the Landlords of their responsibility regarding safety issues with respect to what is otherwise clearly a common area. The tenants' responsibility to groom the yard does not convert the yard into something other than a common area. The yard was made available by the Landlords for the *common* use of the tenants, their children and guests; in our judgment, it qualifies as a common area subject to rules applicable to such areas.

We disagree, however, with the plaintiffs' contention that a landlord's duty with respect to common areas such as stairs, passageways, and yards extends to a free-standing trampoline owned by one of the tenants. The plaintiffs have cited no cases, nor are we aware of any, extending the duty of a landlord to an item of personalty such as the tenant-owned trampoline in the instant case.

We also note that the rationale for the landlord's duty with respect to common areas, as expressed in the *Tedder* case, 728 S.W.2d at 347, simply does not apply to a free-standing trampoline owned by a tenant. This is not a case where the landlord "is in a far superior position to take steps necessary to secure the premises for the safety of the tenants." *Id.* In our judgment, the tenant who owned the trampoline and made it available for his family and others was in a much better position to look after what is admittedly not the landlords' personal property.

It is important to note what this case is *not* about. We are not dealing with personal property that becomes so affixed to the property as to become a part of the realty; nor are we dealing with personalty brought onto the property by a landlord and placed in a common area for the use of the tenants and possibly others. We also are not dealing with personal property known by a landlord to be in an unsafe condition. There is nothing in the record before us indicating that the Landlords

-5-

knew, or had reason to know, that the condition of the trampoline was such as to present a safety hazard. We do not have any of these situations before us and, therefore, do not need to reach issues that might be presented by them.

We hold that the landlords are entitled to summary judgment on the plaintiffs' theory of a landlord's common law duty with respect to common areas.

B.

The plaintiffs also argue that Tenn. Code Ann. § 66-28-304, a part of the Uniform Residential Landlord and Tenant Act, Tenn. Code Ann. § 66-28-101 *et seq.* (1993 & Supp. 2002) ("the URLTA"), provides a basis for a cause of action against the Landlords. The statute provides, in pertinent part, as follows:

> (a) The landlord shall:
>
> * * *
>
> (3) Keep *all common areas* of the premises in a clean and safe condition;
>
> * * *

(Emphasis added).

The URLTA is applicable to Knox County. *See* Tenn. Code Ann. § 66-28-102(a)(1). While the statutory scheme addresses "common areas," it does not define this concept. In the absence of a different definition, we believe these words should be defined with reference to the well-established meaning given them in the cases addressing a landlord's common law duty with respect to the areas used in common by multiple tenants. Even if the URLTA is viewed as being in derogation of common law,

> ... "statutes in derogation of the common law are to be strictly construed and confined to their express terms." *Ezell v. Cockrell*, 902 S.W.2d 394, 399 (Tenn. 1995) (citing *Cardwell v. Bechtol*, 724 S.W.2d 739, 744 (Tenn. 1987)). Strict construction amounts to a "recognition of a presumption against the legislature's intention to change existing law." *Jordan v. Baptist Three Rivers Hospital*, 984 S.W.2d 593, 599 (Tenn. 1999). Thus, common law is not displaced by a legislative enactment, except to the extent required by the statute itself. *See Lavin v. Jordan*, 16 S.W.3d 362, 368 (Tenn. 2000).

*Houghton v. Aramark Educ. Resources, Inc.*, 90 S.W.3d 676, 678-79 (Tenn. 2002).

We are not aware of any cases under the URLTA, in Tennessee or elsewhere, where liability has been extended in the manner urged by the plaintiffs. We do not believe the General Assembly,

by this statute, intended to extend a landlord's duty with respect to a yard area to include a tenant's personalty, in this case a free-standing trampoline, *i.e.*, unattached to the land. *See **Harbison v. Jeffreys***, 353 S.W.2d 65, 69, 70 (Tex. Civ. App. 1961) (applying Texas common law and discussing an injury attributed to a swing set on leased premises).

We recognize, as set forth in the plaintiffs' statement of undisputed facts, that their lease granted the Landlords the right to enter the leased premises for certain purposes;[4] that the defendant Gary Ray Hill, one of the Landlords, testified that he was aware "a trampoline could be a dangerous object if its use was not carefully supervised, or if it were not carefully maintained;" and that the Landlords never inspected the trampoline. We do not find any of these facts to be *material* to the issues before us on the plaintiffs' three theories of recovery.

The undisputed material facts conclusively show that the Landlords are entitled to summary judgment on the plaintiffs' URLTA claim.

C.

Turning to the plaintiff's third theory, we find the playground doctrine inapplicable to the present case. In Tennessee, the playground doctrine is a corollary of the attractive nuisance doctrine:

> The elements of attractive nuisance in Tennessee are essentially those outlined in the Restatement (Second) of Torts, § 339, [at 197 (1965)] entitled "Artificial Conditions Highly Dangerous to Trespassing Children:"
>
> > ". . . (a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and
> >
> > (b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

---

[4]The lease provides as follows:

> ACCESS BY THE LESSOR. The lessor in person or by agent, shall have the right, at all reasonable times, to enter the leased premises and inspect same, or to make such repairs, additions or alterations as may be deemed necessary for the safety, comfort or preservation of said building or to show the premises to prospective tenants or purchasers. No advance notice will be required for maintenance request made by lessee.

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children."

In applying the doctrine of attractive nuisance, however, the Tennessee cases have consistently maintained the requirement that the injured child be enticed or lured onto defendant's premises by the instrumentality or condition causing the harm. This rather harsh requirement is modified, however, by application of the playground doctrine under which liability may be established if "the landowner knows or, by the exercise of reasonable care, should know that children of immature years are habitually trespassing upon his land to use it as a playground, under conditions other than natural, which the landowner knows or should know involve an unreasonable risk of bodily injury and which children because of their youth will fail to discover and appreciate." The enticement or allurement requirement of the attractive nuisance doctrine in Tennessee and the theory of the playground doctrine are essentially the same as the first element of the Restatement rule, requiring that the landowner must know or have reason to know of the presence of trespassing children.

***Metropolitan Gov't of Nashville and Davidson County v. Counts***, 541 S.W.2d 133, 136 (Tenn. 1976) (citations omitted).

We hold that the playground doctrine is not applicable to the facts presently before this court. This doctrine applies to *trespassing* children, children who have been "enticed or lured onto defendant's premises by the instrumentality or condition causing the harm." ***Id.*** In the instant case, it is undisputed that Leah Michelle Miller was not a trespasser. The plaintiffs had a possessory interest in the realty where their daughter was injured. She had the permission of the tenants Cooper to use the trampoline. The purpose of the playground/attractive nuisance doctrine is not to create a cause of action against a landlord, but rather to enlarge a landowner's duty of care to young

-8-

children, from that owed to a trespasser to that owed to an invitee. ***Bloodworth v. Stuart***, 221 Tenn. 567, 571, 428 S.W.2d 786, 788 (1968).[5]

Since the playground doctrine, by its terms, has no application to the plaintiffs' child, we find no basis in the facts of this case to use it to support the plaintiffs' claims in this litigation.

V.

The judgment of the Knox County Circuit Court is affirmed. Costs on appeal are assessed to Leah Michelle Miller, Brenda Gail Miller, and Robert G. Miller. This case is remanded to the trial court for the collection of costs assessed there, pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE

---

[5]While ***Bloodworth*** does not use the term "invitee," we use it because the distinction between licensees and invitees has been abolished since that case was decided. *See **Hudson v. Gaitan***, 675 S.W.2d 699, 704 (Tenn. 1984).