WALLER, LANSDEN, DORTCH, &
DAVIS, Plaintiff/Appellant,

v.

Franklin L. HANEY,
Defendant/Appellee.

Supreme Court of Tennessee,
at Nashville.

Nov. 23, 1992.

Rehearing Denied March 29, 1993.

Dennis J. Meaker, Walter H. Crouch, Christopher M. Goffinet, Waller, Lansden, Dortch & Davis, Nashville, for appellant.

David B. Kesler, Michael S. Pineda, Brown, Dobson, Burnette & Kessler, Chattanooga, for appellee.

## OPINION

O'BRIEN, Justice.

This action was filed in the Chancery Court of Davidson County to recover payment on the principal due on a promissory note. The trial court found the note to be unconditional on its face and granted plaintiff's motion for summary judgment. Judgment was entered against defendant for $64,818.50 representing the outstanding principal on the note executed by Haney; $40,011.46 representing accrued prejudgment interest; $730.94 in costs and expenses incurred in collecting the debt; and attorney's fee in the amount of $9,722.78; for a total judgment of $115,283.68.

On appeal the Court of Appeals applied the doctrine of "close scrutiny," citing *Hutchinson v. Crowder*, 8 Tenn.Civ.App. 114 (1917) for the rule as follows:

"Owing to the confidential and fiduciary relation between an attorney and his client, and to the influence of the attorney over his client, growing out of that relation, courts of law, and especially of equity, scrutinize most closely all transactions between an attorney and his

client. To sustain a transaction of advantage to himself with his client, the attorney has the burden of showing, not only that he used no undue influence, but that he gave his client all the information and advice which is (sic) would have been his duty to give if he himself had not been interested and that the transaction was as beneficial to the client as it would have been had the client dealt with a stranger."

We concur with the Court of Appeals finding that the "close scrutiny Rule" has much to recommend it and that it has been expressly recognized in this State. We cannot agree that it is applicable in this case.

The original plaintiff has appealed to this Court stating the issue to be:

In the absence of material disputed facts, and in the absence of pleaded affirmative defenses based upon the use of undue influence, fraud, coercion, duress or overreaching, can an attorney asserting a claim on a promissory note, admittedly signed by his client, avail himself of the summary judgment procedure contained in Rule 56 of the Tennessee Rules of Civil procedure?

The issues presented in this Court by the defendant are as follows:

I. Whether the trial court erred in refusing to consider the parties previous agreement and granting summary judgment on the note.

II. Whether the Court of Appeals properly applied the "close scrutiny" analysis to contracts between attorneys and their clients.

III. Whether the Court of Appeals erred in recommending to the trial court that, if recovery is ultimately allowed on the note, the trial court could properly award attorneys fees for collecting the note.

A brief history of the background and circumstances of the case is beneficial to its resolution. On 27 November 1985 the plaintiff and defendant entered into a retainer agreement by the terms of which the plaintiff agreed to accept employment to perform certain legal services in connection with an issue of Industrial Development Revenue Bonds for the development of an apartment complex in downtown Nashville, Tennessee. The agreement contained a provision to pay plaintiff a reasonable fee based on the amount involved, the time expended, the novelty of the transaction, and the deadlines imposed upon counsel. In the alternative, a provision provided that "If said deal fails to close, Haney shall pay 200% of its normal hourly rate." An additional provision provided, "Prior to closing, this contract may be revoked by either party at any time, upon the payment of the amount set forth." The November agreement contained no provision that the payment of legal fees would be deferred or conditional and contained no reference to anticipation of execution of a future promissory note.

One of the relevant factors involved in the attorney/client relationship was that because of major impending changes in the tax laws and the effect these changes might have, on the transaction it was essential that the deal be closed on or before 31 December 1985. On that date, Mr. William Waller, a senior partner in the plaintiff law firm, the defendant, who was president of Franklin L. Haney Company, together with a large number of lawyers involved in other developments to be closed, were present in the offices of Bond counsel in Houston, Texas. In the process of negotiating the closings and attendant attorneys fees with Richard Ebersole, Haney Company representative, Mr. Waller suggested a legal fee fixed at 50 cents per $1,000 value of bonds involved in each development, payable at the closing when the bonds were ostensibly sold to J.C. Bradford & Company. When advised by Ebersole that fees would not be paid until the bonds were re-marketed by the investment broker they re-negotiated the fee based on 62.5 cents per $1,000 bond. Mr. Waller then drafted the note which is the basis for this suit. The note was signed by Franklin Haney upon Mr. Ebersole's advice that this was the fee agreement between them. The note was in the principal sum of $72,062.50

for legal services rendered in connection with four (4) separate bond issues.

Mr. Haney admitted his signature appears on the note. He asserted defenses based on failure of consideration and failure of a condition precedent. No defense was made based upon fraud, duress, coercion or overreaching.

■ The trial court found the note was unconditional on its face and was a negotiable instrument as defined in T.C.A. § 47–3–104 of the Uniform Commercial Code. T.C.A. § 47–3–307(2) provides that when a signature is admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense. In response to defendant's argument that the note must be interpreted consistently with and in reference to the 27 November 1985 agreement in accordance with T.C.A. § 47–3–119(1), the trial court found that the provisions of the statute providing that the terms of an instrument "May be modified or affected" by any other written agreement executed as a part of the same transaction does not mean that the separate agreement must necessarily be given effect. He held that there is still room for construction of the writing as not intended to affect the instrument at all. (See Comment 3 to the official text T.C.A. § 47–3–119). He found that neither the 27 November 1985 agreement nor the 31 December 1985 note made any reference to the other.

We are entirely in accord with the findings and the holding of the trial court. There is no connection between the retainer agreement of 27 November 1985 and the note which was signed some five (5) weeks later. The first instrument was a retainer agreement to pay a reasonable fee for services rendered if the deal closed as contemplated, or if the deal failed to close, defendant would pay a fixed amount of plaintiff's normal hourly rate. The deal did close as contemplated prior to the year end. The fee was negotiated, apparently to defendant's satisfaction, due to defendant's position that payment would not be made until after the bonds were remarketed. It seems obvious that if the deal had not been closed as contemplated on 31 December 1985, the legal fee negotiations in event of remarketing would not have taken place, or on the other hand, if defendant believed that T.C.A. § 47–3–119(1) applied and the subsequently executed promissory note was subject to modification by the prior written agreement he had adequate time to invoke the provision of the agreement limiting plaintiff's legal fee to 200% of its normal hourly rate. Plaintiff had billed him numerous times during the three and one-half (3½) year period before suit on the note was filed. The issue involved was a question of law and not a dispute of material fact. It was properly adjudicated by the chancery court. The unconditional terms of the promissory note evidenced agreement on the part of defendant to pay for services rendered at the time of the closing, and not some indefinite future date when the deal became profitable to him as envisioned.

■ The trial court directed payment of attorneys fees in accordance with the terms of the promissory note. The Court of Appeals did not rule on that issue but recommended that if recovery was allowed the trial court might consider the allowance on the actual value of time and expenses in collecting the note, rather than the fixed percentage stated in a contract executed during the attorney/client relationship. Defendant argues that plaintiff is not entitled to an award of attorneys fees because it elected to represent itself in collecting the note. He takes the position that since the plaintiff was representing itself, it was not incurring any attorneys fees but was actually seeking to increase the award. Plaintiff, on the other hand, points out that a narrow majority of jurisdictions in this country allow for the award of attorneys fees to attorneys appearing on their own behalf.

We find no reason to enter into this dispute. We find ourselves in consonance with the findings of the trial court stated in its memorandum opinion: "The Note states 'all costs of collection, including attorneys fees of 15% if suit is brought on this note, shall be added to the principal hereof.'

That constitutes an unconditional commitment on behalf of the defendant to pay an additional 15% in the event suit is brought. The agreement does not make the increase in the amount of judgment dependent upon the creation of an attorney/client relationship, nor does it provide that the 15% increase in the amount of the judgment should not occur if the law firm represents itself. This is not a standard clause which permits an award of reasonable attorneys fees to a prevailing party. It is an explicit, unconditional commitment to pay an additional 15% if suit is brought."

The judgment of the Court of Appeals is reversed. The judgment of the trial court is reinstated in toto. Costs of this appeal are taxed against the defendant.

REID, C.J., and DAUGHTREY and ANDERSON, JJ., concur.

DROWOTA, J., not participating.

## ORDER ON PETITION TO REHEAR

Defendant/Appellee, Franklin L. Haney, has filed a respectful petition to rehear in this cause, asserting that the Court's opinion incorrectly states material facts established by the evidence and overlooks or misapprehends a material fact.

This Court found that the issue involved was a question of law and not a dispute of material fact. This issue was properly adjudicated by the Chancery Court.

The petition to rehear is denied.