COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

April 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

C. M. REAGAN                          )    HAMILTON COUNTY
                                      )    03A01-9707-CH-00281
        Plaintiff-Appellee           )
                                      )
                                      )
        v.                            )    HON. R. VANN OWENS,
                                      )    CHANCELLOR
                                      )
TROY MALONE, SANDRA MALONE            )
and DAN CONNELLY                      )
                                      )    AFFIRMED IN PART; VACATED
        Defendants-Appellants         )    IN PART and REMANDED

MARVIN BERKE OF CHATTANOOGA FOR APPELLANT DAN CONNELLY

SCOTT N. BROWN, JR., OF CHATTANOOGA FOR APPELLEE

O P I N I O N

                                        Goddard, P.J.

        Defendant Dan Connelly appeals a judgment of the

Chancery Court of Hamilton County which found that he had

guaranteed an indebtedness the Defendants Troy and Sandra Malone

owed C. M. Reagan, and thereupon awarded a recovery as to the

principal and interest accruing to August 31, 1996, in the amount

of $128,762.90.  He also awarded, in accordance with the specific

language of the guaranty, 25 percent for collection costs in the amount of $32,190.73.

Mr. Connelly raises several defenses attacking the guaranty which we find have been appropriately and correctly decided by the Chancellor in his memorandum opinion.

We conclude as to all the issues raised by Mr. Connelly, except the one questioning the award for collection fees, be affirmed under Rule 10(a) of this Court.

As to the collection fees, the Chancellor relied upon the case of Waller, Lansden, Dortch & Davis v. Haney, 851 S.W.2d 131 (Tenn.1992), which held that a note containing a clause authorizing a 15 percent collection fee to be valid. In so doing, the Supreme Court said (at page 133):

> We find ourselves in consonance with the findings of the trial court stated in its memorandum opinion: "The Note states 'all costs of collection, including attorneys fees of 15% if suit is brought on this note, shall be added to the principal hereof.' That constitutes an unconditional commitment on behalf of the defendant to pay an additional 15% in the event suit is brought. . . . This is not a standard clause which permits an award of reasonable attorneys fees to a prevailing party. It is an explicit, unconditional commitment to pay an additional 15% if suit is brought."

The Supreme Court opinion in Waller does not cite any authority for its statement and apparently overlooked earlier

2

Tennessee cases which are in conflict.  For example, in the case

of Dole v. Wade, 510 S.W.2d 909 (Tenn.1974), the Supreme Court

discusses a number of cases holding contrary to each other as to

the question presented in this appeal.  After doing so, the

Supreme Court relied upon Holston National Bank v. Wood, 125

Tenn. 6, 140 S.W. 31 (1911), which holds contrary to Waller, the

case relied upon by the Chancellor.  In the course of the opinion

which specifically overrules cases to the contrary, the Supreme

Court stated the following (510 S.W.2d at page 910):


>    The case of Holston National Bank v. Wood, 125
>    Tenn. 6, 140 S.W. 31 (1911), involved a note containing
>    the following provision:
>
>    If this note is placed in the hands of an attorney at
>    law for collection, we agree to pay 10 per cent.
>    attorney's fees, and all expenses incurred in its
>    collection, and that if it is sued on said attorney's
>    fees and expenses shall be taxed up in judgment.
>
>    Upon the issue of attorney's fees under the terms
>    of this note the Court said:
>
>    While a stipulation in a note for attorney's fees is
>    valid and will be enforced by this court, the court
>    is not bound by a provision to the effect that any
>    particular amount shall be allowed for such fees,
>    and, no matter what stipulation as to the amount is
>    made in the face of the note, it will not be enforced
>    unless it appears reasonable to the Court. 125 Tenn.
>    at 16, 140 S.W. at 34.


Our reading of the cases above mentioned persuade us

that the better rule is found in Dole and Wood and we choose to

follow their dictates rather than those of Waller.

3

We also note, in support of our determination, that counsel for Mr. Connelly in oral argument conceded that not every unconditional commitment to pay a specific percent--such as 50, 75 or 100--could be sustained.

Accordingly, we believe it appropriate in the interest of justice to both parties that this case be remanded to the Chancery Court for Hamilton County for a hearing and determination of a reasonable attorney fee for Mr. Reagan's counsel.

The judgment of the Trial Court is affirmed in part, vacated in part and the cause remanded for further proceedings not inconsistent with this opinion. Costs of appeal are adjudged one-half against Mr. Connelly and his surety and one-half against Mr. Reagan.

_____
Houston M. Goddard, P.J.

CONCUR:

(Separate Opinion Concurring
in Part and Dissenting in Part)
Charles D. Susano, Jr., J.

_____
William H. Inman, Sr.J.

4

COURT OF APPEALS OF TENNESSEE

FILED

April 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

C. M. REAGAN,                    ) HAMILTON COUNTY CHANCERY COURT
                                 ) C/A NO. 03A01-9707-CH-00281
        Plaintiff-Appellee,      )
                                 )
                                 )
                                 ) HONORABLE R. VANN OWENS,
v.                               ) CHANCELLOR
                                 )
                                 )
                                 )
TROY MALONE, SANDRA MALONE,      )
and DAN CONNELLY,                )
                                 ) SEPARATE OPINION CONCURRING IN
        Defendants-Appellants.)    PART AND DISSENTING IN PART


                                          Susano, J.


        I concur in all of the majority opinion except that

portion dealing with the issue of "collection fees."  On that

issue, I dissent.


        The combined promissory note and guaranty agreement

before us includes the following provision:


                In the event that default is made in the
                payment of this note at maturity and it is
                placed in the hands of an attorney for
                collection, that suit is brought on the note,
                or that the note is collected through
                bankruptcy or probate proceedings, the
                undersigned agrees that an additional amount
                of Twenty-five percent (25%) of the principal
                and interest then due hereon shall accrue as
                collection fees.


The majority construes this provision as if it provides for a

*reasonable attorney's fee* not to exceed 25%.  The majority relies

6

upon its understanding of Supreme Court decisions that pre-date **Waller, Lansden, Dortch & Davis v. Haney**, 851 S.W.2d 131 (Tenn. 1992) -- the case upon which the trial court relied in awarding the plaintiff a 25% collection fee in this case.

I feel bound by the **Waller** case. The decisions upon which the majority relies address the issue of "attorney's fees"; both the instant case and the **Waller** case deal with a somewhat broader concept, *i.e.*, collection fees. The provision in the instant case states that if -- as was the case here -- suit is brought by an attorney, the makers and guarantor agree to pay 25% of the unpaid principal and accrued interest. This obligation is stated in clear, absolute, and unconditional terms. As I understand **Waller**, a collection fees provision such as the one at issue in this case "is an explicit unconditional commitment to pay" a specified percentage "if suit is brought." **Id**. at 134. Since "[t]he Court of Appeals has no authority to overrule or modify Supreme Court[] opinions," *see* **Bloodworth v. Stuart**, 428 S.W.2d 786, 789 (Tenn. 1968), and since I find the majority opinion to be at odds with what I perceive to be the controlling holding in **Waller**, the most recent Supreme Court case on the subject, I am constrained to dissent from my brethren's ruling with respect to collection fees.

I hasten to express one *caveat* to my dissent. I can conceive of a note provision with a collection fee stated in a percentage that was so high under the circumstances as to warrant a finding of unconscionability. Such a finding in an appropriate

7

case would not, in my judgment, run afoul of **Waller**; however, I do not find the 25% fee in the instant case to be unconscionable.

I would affirm the trial court *in toto*.

_____
Charles D. Susano, Jr., J.