JAMES C. PIRTLE and Wife, RUBY PIRTLE, Plaintiffs in Error, v. HART'S BAKERY, INC., Defendant in Error.—372 S. W. (2d) 209.

Western Section, Jackson. May 29, 1963.

Certiorari Denied by Supreme Court November 6, 1963.

Anthony A. Aspero, Memphis, Aspero & Aspero Memphis, of counsel, for plaintiffs in error.

W. Percy McDonald, Jr., Memphis, McDonald, Kuhn, McDonald, Crenshaw & Smith, Memphis, of counsel, for defendant in error.

BEJACH, J. This cause involves an appeal in error by James C. Pirtle and Ruby Pirtle, his wife, who were plaintiffs in the lower court, from the judgment of that court dismissing, on peremptory instruction, plaintiffs' suit against Hart's Bakery, Inc. The motion for peremptory instruction was granted at the end of plaintiffs' proof. Defendant filed pleas of not guilty and contributory negligence on which plaintiffs, by replication, joined issue. The parties will be referred to, as in the lower court, as plaintiffs and defendant.

Plaintiffs brought suit to recover damages for the death of their son, James Earl Pirtle, who was killed September 16, 1961 at Hart's Bakery, No. 2, located at 302 High Street, Memphis, Tennessee. Plaintiffs' son was, at the time of his injury and death, fourteen and a half years old. He and other boys had been in the habit of going to defendant's place of business on High Street to assist in unloading and stacking truck loads of day old bread which were brought to that place for sale. For this service, they were given amounts in small change,— sometimes as much as 50 cents,—and were allowed to take home sacks of the day old bread.

In the rear of 302 High Street, which is located at the southeast corner of High Street and Mosby Avenue, there is a connecting room with a side entrance from Mosby Avenue. In the rear portion of defendant's premises, there is a 12 x 12 room size oven. This oven is gas fired for baking purposes, but contains an electrically operated conveyor system which causes the compartments for holding baking pans to revolve around a center post or pivot. The proof shows that this oven is no longer used by defendant for baking bread; but that, at the time of the accident here involved, it was occasionally used for drying pans when they were cleaned and oiled. It is the theory of plaintiffs' case, and their declaration so alleges, that plaintiffs' son, along with other boys, had been in the habit of playing in this oven and that this fact was known to or should have been known to defendant. The proof, however, fails to establish this allegation of plaintiffs' declaration. The undisputed proof is that on the day of the accident the side door, which gave access to the rear portion of defendant's premises, was fastened from the inside with a bicycle lock slipped through the

hasp and staple on double screen doors. One of the boys, Clarence Agnew, who was 12 years old, had managed to pry the double screen doors open wide enough to reach through with his hand and slip the lock out, after which he opened the doors and invited about four other boys to enter. Plaintiffs' son was one of these boys. While these five boys were in the back portion of defendant's premises, on this particular occasion, so far as the proof shows, without the knowledge of any of defendant's employees that they were there, Charles Agnew, brother of Clarence Agnew, operated a bar which caused the oven shelves to revolve. According to his testimony, he had learned how to operate this bar when he had seen the oven being used to dry pans. On that occasion, the oven was heated, but he said he did not learn how to turn on the heat, and it was not heated at the time of the accident. At any rate, after Charles Agnew had started the revolving of the oven shelves, and had shown the other boys how to operate the bar which controlled the action of the revolving shelves, the boys crawled into the shelves and rode around in them, as on a merry-go-round. Plaintiffs' son, James Earl Pirtle, crawled into one of the shelves, and while it was revolving, his head and shoulders were hanging outside the shelf, came into contact with another shelf, which crushed him to death.

The proof does tend to establish that on previous occasions the boys, who helped unload the truck loads of day old bread, had played hide-and-seek, and on some occasions had entered the rear portion of defendant's premises. The proof establishes, however, that the revolving shelves in the oven had not been previously operated by any of these boys, and that on the day of the accident, they had operated same only a very short

time before James Earl Pirtle was killed. Defendant's employees had no reason to anticipate that the revolving shelves in the oven would be used as the boys were using them on this occasion.

The defendant's motion for a directed verdict was sustained by the trial judge at the end of plaintiffs' proof. After a motion for new trial had been overruled, plaintiffs' appeal in error was perfected. In this court, plaintiffs have filed one assignment of error, which is:

"The trial court committed positive error in sustaining the motion of defendant, Hart's Bakery, Inc., for a directed verdict and in overruling plaintiffs' motion for a new trial."

This assignment of error, as presented in plaintiffs' brief, is divided into two parts. The first of these charges that the trial judge erred in granting the motion for a directed verdict, because it is claimed that plaintiffs' son occupied the position of an invitee on defendants' premises, and that the defendant owed to him the duty of protecting him against the dangerous instrumentality of its said oven. The second part complains because the trial judge did not submit to the jury the question of whether or not plaintiffs' deceased son was guilty of contributory negligence.

The principal contention of plaintiffs is that defendant was maintaining an attractive nuisance which entitled plaintiffs to a recovery, or at least entitled plaintiffs to have their cause of action submitted to a jury for its determination.

The question of whether, in a given case, the doctrine of attractive nuisance, sometimes called the doctrine

of the turntable cases, is for the court and not for the jury to determine. Louisville & N. Ry. Co. v. Ray, 124 Tenn. 16, 134 S.W. 858, Ann.Cas. 1912D, 910; Gouger v. Tennessee V. A., 188 Tenn. 96, 216 S. W. (2d) 739, 6 A.L.R. (2d) 750; Williams v. Town of Morristown, 32 Tenn. App. 274 287, 222 S. W. (2d) 607.

In the case of Bates v. Nashville Railway Co., 90 Tenn. 36, 15 S.W.1069, 25 Am.St.Rep. 665, which was itself a turntable case, in which a nine year old boy had been injured, the circumstance that the turntable was fastened by a sliding wooden bolt which passed in a slot under the cross ties and could not be moved without the piece of timber being withdrawn, was held sufficient to prevent the application of the attractive nuisance doctrine. One of the companions of the nine year old boy who was injured had removed this bolt, with the result that the turntable was then operated and plaintiff was injured. The removal of the bicycle lock from the screen doors in the instant case is, in our opinion, completely analogous to the removal of the wooden bolt in the case of Bates v. Nashville Railway Co.

Even if the attractive nuisance doctrine were applicable to the facts of the instant case, which we hold it is not, plaintiff would still not be entitled to recover, and the trial judge's granting of the motion for a directed verdict should be affirmed. The attractive nuisance doctrine is not, itself, a principle which imposes liability on a defendant. It is merely a rule of law which, in the case of small children, transforms trespassers, who would, otherwise, not be entitled to recover even if defendant were negligent, into invited guests who are entitled to recover because of defendant's negligence. Vaughn v. City of Alcoa, 194 Tenn. 449, 456-457, 251 S. W. (2d) 304;

Shackelford v. City of Memphis, unreported case of this court decided November 24, 1959.

If plaintiffs' son was a trespasser, as in the instant case we hold that he was, the defendant owed no duty towards him except to refrain from willfully injuring him. But, even if plaintiffs' son be considered as an invitee, no negligence on the part of defendant was proved by plaintiff. It follows, necessarily, that no case against defendant was made out by the proof. Indeed, no specific acts of negligence are even charged in plaintiffs' declaration.

The question of contributory negligence on the part of plaintiffs' son does not enter into the case at all. It is true, the defendant filed pleas of not guilty and contributory negligence, on which pleas plaintiffs, by replication, joined issue; but we find nowhere in the record any reference made by the trial judge to the question of contributory negligence as a ground for sustaining defendant's motion for a directed verdict. The trial judge's ruling granting defendant's motion for a directed verdict can be sustained, both on the ground that the facts of this case do not bring it within the attractive nuisance doctrine, and also on the ground that even if they did, and plaintiffs' son were to be treated as an invitee, no negligence on the part of defendant was either alleged or proved. In that situation, there was no issue to be submitted to the jury, and the question of whether or not plaintiffs' son was guilty of contributory negligence is never reached. The result is that the ruling of the trial judge must be affirmed. Plaintiffs' assignment of error will be overruled and the judgment of the lower court will be affirmed, at the cost of plaintiffs.

Avery, (P. J., W. S.), and Carney, J., concur.