J. D. BLOODWORTH, d/b/a Bloodworth Construction Company, Petitioner.

*v.*

JAMES M. STUART, JR., by Next Friend, Louise Stuart, Respondent.

428 S.W.2d 786.

(*Nashville,* December Term, 1967.)

Opinion filed April 8, 1968.

Petition for Rehearing Denied June 7, 1968.

WILLIAM J. HARBISON, Nashville, of counsel: TRABUE, MINICK, STURDIVANT & HARBISON, Nashville, for petitioner.

WILLIAM R. WILLIS, JR., Nashville, of counsel: HOOKER, HOOKER & WILLIS and PHILIP M. CARDEN, Nashville, for respondent.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

In this opinion we will refer to the parties as they appeared in the trial court; that is, respondent as plaintiff and petitioner as defendant.

Plaintiff, James M. Stuart, Jr., recovered a judgment for personal injuries against defendant, J. B. Blood-

worth, doing business as Bloodworth Construction Company, in the Circuit Court of Davidson County. Defendant appealed to the Court of Appeals. That Court affirmed the judgment. We granted certiorari.

Defendant is a general contractor specializing in masonry work. In the latter part of May, 1963, defendant began construction of a one-story concrete block addition to Norman Binkley School in Nashville and continued throughout the summer vacation.

The construction site was adjacent to a public playground. The playground was supervised by James E. Smith, an employee of the Metropolitan government of Davidson County, from nine A.M., to five P.M., five days a week.

Plaintiff, a young boy of the age of eleven years and eleven months at the time of the accident and injury, lived in the neighborhood and habitually played on the playground during the summer months.

On the day of the accident, August 22, 1963, concrete block walls to the class rooms had been constructed to a height of nine feet. The walls to closets inside the class rooms had not been completed. No doors or windows had been installed. Shortly before five thirty P.M., on that day, defendant's employees had laid a slab of concrete, known as a lintel, across the top of a door to an unfinished closet. This lintel was about four feet long, four inches thick, eight inches high, and weighed about seventy-five pounds. The workmen left a metal scaffold next to the door from which they had laid the lintel.

The workmen, soon after laying the lintel, in wet mortar, left for the day.

Shortly after the workmen had left, plaintiff and Jimmy Starr went into an area of the building under construction and climbed upon a wall. While sitting on the wall, they noticed some boys on the playground. They called to them and while they were on their way to the building, plaintiff and Starr left the wall and ran into the room where the scaffold was. Plaintiff placed his foot on a brace of the scaffold and grasped the lintel. The scaffold slipped forward and he fell back. As he fell, his weight caused the lintel to fall and strike his leg. His leg was crushed and later had to be amputated below the knee.

Defendant had not hired a watchman, erected a fence or barricade, or posted signs; but left the site unattended after working hours.

The declaration filed was in two counts: the first count was predicated upon the attractive nuisance doctrine; and the second count invoked the playground doctrine. To the declaration, defendant filed a plea of not guilty. The jury returned a general verdict for $50,000.00.

At the conclusion of plaintiff's proof and again at the conclusion of all the proof, defendant moved the trial judge to peremptorily instruct the jury to return a verdict in his favor, which motions were overruled.

It was the theory of defendant the facts did not bring the case under either the attractive nuisance or playground doctrine. And, further, it was the duty of the court, under Tennessee law, to first determine whether the attractive nuisance rule applied.

In overruling the motions, the trial judge commented:

"At the moment, I am not satisfied to proceed on the assumption that this court is supposed to sit and try the facts to determine if this was or was not an attractive nuisance, or that this was or was not a playground. Although, as you say, some of these decisions seem to indicate that, I am not reasonably sure these opinions should continue to mean that much."

The Court of Appeals affirmed the trial judge. The action of the Court of Appeals is assigned as error.

"The attractive nuisance doctrine is not, itself, a principle which imposes liability on a defendant. It is merely a rule of law which, in the case of small children, transforms trespassers, who would, otherwise, not be entitled to recover even if defendant were negligent, into invited guests who are entitled to recover because of defendant's negligence." *Pirtle v. Hart's Bakery, Inc.*, 52 Tenn.App. 131, 372 S.W.2d 209 (1963); *Vaughn v. City of Alcoa*, 194 Tenn. 449, 251 S.W.2d 304 (1951).

Whether the doctrine is applicable is a question of law for the court and not for the jury to determine. *Pirtle v. Hart's Bakery, Inc.*, supra; *Ross v. Sequatchie Valley Electric Co-op*, 198 Tenn. 638, 281 S.W.2d 646 (1951); *Gouger v. TVA*, 188 Tenn. 96, 216 S.W.2d 739 (1949); *Louisville & N. Railroad Co. v. Ray*, 124 Tenn. 16, 134 S.W. 858 (1910).

"In adopting the attractive nuisance doctrine, the Supreme Court of this State limited its application to those situations where the child was enticed or lured to the defendant's premises by the instrumentality or condition causing the harm." *Pardue v. City of Sweetwater*, 54 Tenn.App. 286, 390 S.W.2d 683 (1965);

*Gouger v. TVA,* supra; *DuPont Rayon Company v. Roberson,* 12 Tenn.App. 261 (1930); *Louisville & N. Railroad Co. v. Ray,* supra.

Plaintiff and Jimmy Starr testified they were not attracted to the scaffold or lintel. Plaintiff testified he and his companions would go inside the construction area to play soldier. That it looked like a place which had been "blown up."

 Thus, under the facts and decisions of this Court, it was the duty of the trial judge to direct a verdict for defendant on the attractive nuisance count. The decision of the Court of Appeals in affirming the action of the trial court in this regard is inconsistent with the previous decisions of this Court, and error.

 The Court of Appeals has no authority to overrule or modify Supreme Court's opinions. *City of Memphis v. Overton,* 54 Tenn.App. 419, 392 S.W.2d 86 (1964); *Levitan v. Banniza,* 34 Tenn.App. 176, 236 S.W.2d 90 (1951).

As to the playground doctrine, that principle is well defined in the case of *Gatlinburg Const. Co. v. McKinney,* 37 Tenn.App. 343, 263 S.W.2d 765 (1953), cert. denied, thus:

"The basis of such liability * * * is that if an owner of land knows that children of tender years habitually play upon his land to the extent that it becomes known as a playground for children, he is bound to exercise ordinary care to see that his premises are reasonably safe for the purpose and is duty bound not to permit them to be exposed to a known danger. See also 65 C.J.S. Negligence sec. 40, p. 505; Ann. 8 A.L.R.(2d) 1285; Restatement of Torts, Section 339.

"Refinements of the rules set forth in these authorities limit its application to situations where the landowner knows or, by the exercise of reasonable care, should know that children of immature years are habitually trespassing upon his land to use it as a playground, under conditions other than natural, which the landowner knows or should know involve an unreasonable risk of bodily injury and which children because of their youth will fail to discover and appreciate. To bring property within the rule its use as a playground must be generally known in the immediate vicinity and not be merely occasional or intermittent.

"We think factors to be considered in determining liability under the rule include the slight value and utility to be derived by the owner in maintaining the condition or the small cost of removing the danger, as compared to the likelihood and seriousness of injury to young children, and the presence or absence of guards, fences and warnings."

We agree with the Court of Appeals there is material evidence in the record from which a jury could conclude the playground doctrine applied.

The construction was adjacent to a public playground which defendant well knew. Children played there every day throughout the summer vacation. Defendant had seen employees stop children from coming into the building during working hours. He was advised that someone had thrown bricks from a scaffold on one occasion and pushed concrete blocks from a wall on another.

Children played on the construction site almost every day after working hours.

A general contractor testified it was customary in the trade to construct a fence around a commercial construction site adjacent to a playground. There is also evidence a watchman could have been employed five hours a day seven days a week for $609.00. The cost of the construction was $75,000.00.

Plaintiff testified he knew there was some danger in playing in the unfinished building, but he did not realize a wall would fall on him.

Defendant next insists the Court of Appeals erred in finding the following excerpt taken from the charge of the court was harmless error:

"If you find that the minor plaintiff was a trespasser, then there is no liability unless you find wilful or intentional injury inflicted by the defendant."

Defendant urges this instruction was error because there was no allegation, proof or claim defendant had intentionally injured plaintiff; and, thus, the instruction enabled the jury to find for plaintiff on an issue not raised by the pleadings and proof.

In the light of the entire charge, we think, as did the Court of Appeals, this excerpt was merely a statement of an abstract rule of law explanatory of the attractive nuisance and playground doctrines. Moreover, the charge was not prejudicial to defendant because it would have placed the burden on plaintiff of showing defendant wilfully injured plaintiff.

It is next insisted the Court of Appeals erred in holding inaccurate defendant's special request for the following instruction to the jury:

"I charge you that if the minor plaintiff in the present case was of sufficient age, experience and discretion to appreciate the danger of playing about the construction site, then neither the attractive nuisance doctrine nor the playground rule would be applicable and your verdict in the case should be for the defendant."

We think this special request was covered in the general charge. We find the following contained therein:

"Where, over a considerable time, a premises is frequently and regularly or habitually used as a playground by children and the owner and controller of the premises knows or in the exercise of reasonable care could and should have known that children of immature years habitually trespassed upon the land as a playground, then the owner or controller is under a duty to exercise reasonable care to avoid unreasonable risk of bodily injury from dangers which children, because of their youth, would fail to discover and prevent.

\* \* \* \* \* \*

"The negligence of a child is measured by his age, mental development, experience, training, discretion, and understanding. Children under the age of fourteen may or may not be guilty of negligence, depending upon their age, mental development, experience, discretion, understanding, and other circumstances. In the absence of evidence on the subject, the presumption would be that a child under fourteen is not capable of negligence. But when evidence has been introduced on the subject, it is for the jury to determine from a preponderance of all the evidence whether the child is of such age, mental development, experience, discretion,

and understanding as to be capable of comprehending the danger involved in his injury and thus to be negligent.

"The standard of care of such child is that care ordinarily exercised by a child of the same age, mental development, experience, discretion, and understanding under the same or similar circumstances."

Defendant further insists it was error for the Court of Appeals to find his special request number two was not proper. This request only concerns the attractive nuisance doctrine. Since we have held the Court of Appeals was in error in affirming the action of the trial judge in submitting the attractive nuisance doctrine to the jury, we deem it unnecessary to discuss this assignment.

Finally, it is very forcibly argued in behalf of defendant the construction was a temporary project. The children had been told not to go there and play. Their use of it as a playground was surreptitious and for a short period of time. And, therefore, the playground doctrine is not applicable.

However, as stated hereinabove, we think, under the particular facts of this case, the doctrine does apply. The construction was on public property, adjacent to a public playground where children played every day during the summer vacation. In other words, the location, visibility and accessibility of the construction to children should have caused a reasonable and prudent person to foresee children would in all probability trespass upon the property. The construction had been in progress for three months before the accident occurred. By the use of ordinary care, defendant could have ascertained children were playing there after working hours.

Having found the jury was justified in finding liability under the count of the declaration based on the playground doctrine, the verdict will be applied to that count. T.C.A. Section 20-1317.

The judgment of the Court of Appeals is modified as indicated; and, as modified, affirmed. The costs are adjudged against the defendant.

BURNETT, CHIEF JUSTICE, and CRESON, JUSTICE, concur.

DYER, JUSTICE, dissents.

HUMPHREYS, JUSTICE, not participating.

DYER, JUSTICE (dissenting).

I agree with the majority opinion the trial judge was in error in not directing a verdict for the defendant upon the count in the declaration embracing the doctrine of attractive nuisance. My agreement on this point is predicated upon the fact it is generally held that the doctrine of attractive nuisance is not applicable to ordinary construction. The construction here is shown to be ordinary block and brick, one-story classrooms, added to existing similar classrooms and I do not think such construction, absent something unusual, not shown here, could be found as a matter of law to be within the attractive nuisance doctrine. See *Crawford v. Cox Planning Mill and Lumber Co.*, 238 Ark. 588, 383 S.W.2d 291 (1964). I also agree with the majority opinion there is material evidence in the record from which the jury could conclude the playground doctrine applies. My disagreement arises as a result of holding the attractive nuisance doctrine not applicable. I think the case here on appeal would have to turn on whether this error of having submitted the case

on the attractive nuisance doctrine can be found to be harmless error under T.C.A. 27-117.

This very salutary statute requiring an appellate court, having knowledge of the law and experience in trials, to determine in its opinion whether an error committed in the trial of the case, in light of all of the facts and circumstances shown by the record, affirmatively appears to it to have prejudiced the complaining party.

In the case at bar plaintiff filed his declaration alleging a right of recovery upon two separate theories; that is, under the doctrine of attractive nuisance, and upon the playground theory. The plaintiff entered evidence in support of both. The trial judge in his charge submitted both theories to the jury telling them, in substance, plaintiff could recover on either theory. The jury found for plaintiff returning a general verdict. It is, of course, not possible to know upon which theory the jury found for plaintiff, and such is not necessary since we are not seeking this answer. Our responsibility is to determine whether under these facts and circumstances the submission of the right of the plaintiff to recover under the doctrine of attractive nuisance in fact prejudiced defendant, since such has been found to be error.

I think the holding of this Court in the recent cases of *Wilson v. Tranbarger,* 218 Tenn. 208, 402 S.W.2d 449 (1965), and *Holder v. Martin,* 219 Tenn. 165, 407 S.W.2d 461 (1966), should control the case at bar.

The *Wilson* case was a suit for damages resulting from a vehicle accident by plaintiffs as guest passengers in an automobile against defendant trucking company. Defendant, in addition to its plea of not guilty, filed a special plea upon joint venture which raised the issue that any

negligence of the driver of the automobile in which plaintiffs were guests was imputable to plaintiffs, barring recovery. The driver of the automobile was not a party to the suit and defendant entered proof on the negligence of the driver of the car. The trial judge submitted the case to the jury with a proper charge on both defensive pleas. The jury returned a general verdict for defendant. Upon appeal it was found there was no evidence to support the plea of joint venture and submission of this defensive plea to the jury was error. This Court found this error under the circumstances was prejudicial to the plaintiffs.

The *Holder* case was a suit for damages resulting from a vehicle accident. The defendant filed pleas in substance denying the negligence alleged, and then filed two other special pleas; first, a plea of accord and satisfaction; and, second, a doctrine of election of remedies. Defendant was allowed to enter proof as to all of the defenses and the trial judge in his charge submitted all defenses for consideration to the jury. The jury returned a general verdict for defendant. Upon appeal it was found to have been error to have submitted the defenses of accord and satisfaction and election of remedies to the jury. This Court found such error to be prejudicial to the plaintiff.

The facts and circumstances in the case at bar and the *Wilson* and *Holder* cases are similar, with the exception in the case at bar it is the defendant claiming prejudice, while in the *Wilson* and *Holder* cases it was the plaintiffs. In the *Wilson* and *Holder* cases there was evidence entered to support both the defensive pleas found to have been submitted in error and the defensive pleas found to have been properly submitted. In the case at bar evidence has been entered to support both the attractive nuisance

doctrine found to have been submitted in error and the playground doctrine found to have been properly submitted. In the *Wilson* and *Holder* cases the trial judge submitted all defensive pleas to the jury for its consideration. In the case at bar the trial judge submitted to the jury the case on the attractive nuisance doctrine and the playground doctrine. In the *Wilson* and *Holder* cases the jury could have found, as it did, on the defensive pleas found to have been properly submitted, disregarding the other pleas found to have been submitted in error, or it could have found, as it did, on the improperly submitted pleas, disregarding the properly submitted pleas. In the case at bar the jury could have found, as it did, on the properly submitted plea of the playground doctrine, disregarding the improperly submitted plea of the attractive nuisance doctrine, or it could have found, as it did, on the improperly submitted plea, disregarding the properly submitted plea.

I think the facts the court found to control on this issue in the *Wilson* and *Holder* cases exist and should control in the case at bar. In the case at bar, in light of all of the facts and circumstances shown by the record, it does affirmatively appear to me the defendant was prejudiced by submission to the jury for its consideration the count in the declaration embracing the doctrine of attractive nuisance. Where we find such error it is our duty to reverse and remand for a consideration of the case under proper instructions. See *Wilson v. Tranbarger,* supra.

One of the first cases dealing with this issue is the case of *Tenn. Central Ry. Co. v. Umenstetter,* 155 Tenn. 235, 291 S.W. 452 (1927). The *Umenstetter* case was a suit against the Railroad for damages on statutory and com-

mon law counts, both submitted to the jury, which returned a general verdict for the plaintiff. Upon appeal it was determined there was no evidence to support the common law count and submission to the jury upon this count was error. There was evidence to support the statutory count and upon this count the verdict could be affirmed. The Court found this error did not affirmatively appear to have influenced or affected the verdict of the jury inasmuch as there was no evidence before the jury to support the count submitted in error. This difference between the *Umenstetter* case and the case at bar is that there is evidence to support the count on the doctrine of attractive nuisance.

I respectfully dissent from the majority opinion. I would reverse and remand for a new trial.

### On Petition to Rehear.

Mr. Justice Chattin.

Petitioner has filed an earnest and forcible petition to rehear. The petition points out the writer of the majority opinion for the Court overlooked the case of *Birdsong v. City of Chattanooga*, 204 Tenn. 264, 319 S.W.2d 233 (1958), in which it was held by a unanimous Court in order to make out a case under the playground theory it was necessary to show an owner or possessor of land had actual knowledge children had, in fact, been using the property for a playground; and that it was not sufficient to prove the owner or possessor should, in the exercise of ordinary care, have known that children were playing on the property.

The opinion further stated this was made clear in the case of *Gatlinburg Const. Co. v. McKinney*, 37 Tenn.App.

343, 263 S.W.2d 765 (1953), certiorari denied by this Court.

Petitioner insists we were in error in approving the following charge of the trial court, which is in conflict with the rule announced in the Birdsong case:

"Where, over a considerable time, a premises is frequently and regularly or habitually used as a playground by children and the owner and controller of the premises knows, or in the exercise of reasonable care could and should have known that children of immature years habitually trespassed upon the land as a playground, then the owner or controller is under a duty to exercise reasonable care to avoid unreasonable risks of bodily injury from dangers which children, because of their youth, would fail to discover and prevent."

Petitioner further insists there is no proof in the record defendant had actual knowledge children were using the premises as a playground; and that the majority of the Court were in error in holding the playground doctrine was applicable where defendant by the exercise of ordinary care could have ascertained children were playing on the premises after working hours.

Contrary to the statement in the Birdsong case that the Gatlinburg case made it clear in order to make out a case under the playground doctrine it was necessary to show the owner or possessor of land had actual knowledge children had, in fact, been using the property for a playground, it is clear the Gatlinburg case recognized the following rules:

"The words 'actual notice' do not always mean in law what in metaphysical strictness they import; they more often mean knowledge of facts and circumstances

sufficiently pertinent in character to enable reasonably cautious and prudent persons to investigate and ascertain as to the ultimate facts.'' 39 Am.Jur., Section 4, page 234; *Texas Company v. Aycock,* 190 Tenn. 16, 227 S.W.2d 41 (1953).

In the case of *Woodfolk v. Blount,* 4 Tenn. 147 (1816), the Court said:

"When anything appears which would put a man of ordinary prudence upon inquiry, the law presumes that such inquiry was actually made, and therefore fixes notice upon him as to all legal consequences.''

Again, in *Covington v. Anderson,* 84 Tenn. 310 (1886), the Court said:

"The rule upon the question of notice is, that whatever is sufficient to put a person upon inquiry, is notice of all the facts to which that inquiry would lead when prosecuted with reasonable diligence and in good faith.''

It was said in the Gatlinburg case:

"In the present case it is clear that defendant knew or had good reason to know that children were making a playground of its lot. As stated, its president admits that he knew there was a basketball court on the lot. This was at least sufficient to put defendant on inquiry and this is notice of all the facts to which inquiry prosecuted with reasonable diligence would have led.''

Consequently, we are unable to reconcile the statement in the Birdsong case that the Gatlinburg case makes it clear an owner or controller of property had to have actual knowledge children were, in fact, using the property as a playground for that theory to be applicable.

Since we think the Birdsong case is in conflict with the case of *Gatlinburg Construction Company v. McKinney,* supra, with respect to the playground doctrine and not sound, we overrule its holding in that respect. We approve the rule as announced in the Gatlinburg case and will follow it.

The petition is denied and the costs adjudged against petitioner.