IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
OCTOBER 11, 2004 Session

# HANNAH HARRIS, ET AL. v. BAPTIST MEMORIAL HEALTH CARE CORPORATION, ET AL.

### Direct Appeal from the Circuit Court for Shelby County
### No. CT-006654-00     Robert L. Childers, Judge

### No. W2004-00012-COA-R3-CV - Filed January 21, 2005

Following the death of their premature daughter, the mother and father filed a medical malpractice lawsuit against several defendants, including the mother's treating physician. The trial court granted the doctor's motion for summary judgment. We affirm since our supreme court has expressly stated that Tennessee does not recognize a cause of action for loss of chance.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Nancy H. Schiller, Memphis, TN, for Appellants

Harold W. McLeary, Jr., Katherine L. Frazier, Memphis, TN,
for Appellee, James A. Wilson, III, M.D.

## MEMORANDUM OPINION[1]

### I.
### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On November 13, 2000, Mona Lisa Harris ("Mother") and Mark A. Harris ("Father" or, collectively with Mother, "Appellants") filed a Complaint for Wrongful Death in the Circuit Court of Shelby County against Memphis Obstetrics and Gynecological Association, P.C., Baptist Memorial Health Care Corporation, Dr. M. Andrea Giddens, and Dr. James A. Wilson ("Dr. Wilson") alleging the following: the defendants were negligent in treating Mother, resulting in the death of her daughter, Hannah Harris ("Hannah"); outrageous conduct; and infliction of emotional distress.

On or about November 12, 1999, Mother entered the emergency room at Baptist Memorial Hospital East in Memphis, Tennessee, complaining of abdominal cramping and blood in her urine. At the time, Mother was twenty-two (22) weeks pregnant. Mother informed the emergency room staff that she believed she was experiencing signs of labor, and the emergency room staff transferred her to the Labor and Delivery Department.

Mother and Father alleged in their complaint that the hospital staff refused to provide Mother with medication to stop or slow the delivery, and they refused their request for a neonatologist and intensive care personnel to be present for the delivery. Dr. Wilson informed Mother that he could not prevent the premature birth of Hannah, and he further advised Mother that Hannah, due to her premature state, could not survive outside Mother's womb. At approximately 9:30 a.m., Mother delivered Hannah in her hospital bed without medical assistance. After the staff placed Hannah in a bassinet, Mother and Father alleged that they observed Hannah breathing and moving. They claim that their additional requests for medical personnel to tend to the newborn were denied by Dr. Wilson and the nursing staff. Hannah remained in the room with Mother and Father when, at approximately 10:19 a.m., she died.

On December 18, 2000, the trial court entered a consent order, at the parties' request, allowing Mother and Father to substitute Baptist Memorial Hospital as a defendant in place of Baptist Memorial Health Care Corporation. On May 23, 2001, Memphis Obstetrics and Gynecological Association, P.C., Dr. M. Andrea Giddens, and Dr. Wilson filed a motion for

---

[1] Pursuant to Rule 10 of the Rules of the Court of Appeals of Tennessee:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

summary judgment. On July 24, 2001, the trial court, at the parties' request, entered a consent order continuing the hearing on the motion until September 21, 2001, to permit Mother and Father additional time to locate an expert witness. On April 15, 2002, the trial court entered another consent order, whereby, pursuant to the parties' agreement, the court granted summary judgment to Dr. M. Andrea Giddens and Memphis Obstetrics and Gynecological Association, P.C., dismissing them from the lawsuit with prejudice. On May 2, 2002, Baptist Memorial Hospital filed its motion for summary judgment.

On May 10, 2002, Mother and Father submitted the affidavit of their expert witness, Dr. Carl Hoffman ("Dr. Hoffman"), to the trial court. On January 10, 2003, Dr. Wilson took the deposition testimony of Dr. Hoffman, during which Dr. Hoffman stated: (1) he could not produce any statistic showing a twenty-two (22) week old, 505 gram prematurely born fetus could survive fifty percent (50%) of the time; (2) even if resuscitative efforts had been attempted on the fetus, her chance of survival was well below fifty percent (50%); and (3) Hannah had only a twenty-five percent (25%) to thirty percent (30%) chance of survival. Subsequent to Dr. Hoffman's deposition testimony, Baptist Memorial Hospital and Dr. Wilson renewed their motions for summary judgment citing the above testimony.

On May 23, 2003, the trial court entered an order granting the oral motion of Mother and Father to take a voluntary non-suit against Baptist Memorial Hospital, leaving Dr. Wilson as the sole defendant. The record reveals that on November 21, 2003, the trial court entered another order granting Dr. Wilson's motion for summary judgment, dismissing the cause with prejudice. Mother and Father filed a notice of appeal to this court on December 19, 2003. Dr. Wilson, in his brief, states that, at a hearing on his motion on June 27, 2003, Mother and Father orally announced to the trial court their desire to take a voluntary non-suit as to Dr. Wilson. The trial court's order does not reference such a request, and the record contains no order to that effect. In addition, Mother and Father have filed a notice with this Court to the effect that, pursuant to Tennessee Rule of Appellate Procedure 24(d), they would not be filing a transcript of the evidence. We also note the absence in the record of any responses filed by Mother and Father to any of the motions for summary judgment filed in the trial court below.

On appeal, Mother and Father urge this Court to reverse the trial court's grant of summary judgment to Dr. Wilson and "adopt the majority approach to 'loss of chance' doctrine in medical malpractice cases, when a patient has less than a fifty-one (51) percent chance of survival."[2] For the reasons contained herein, we affirm the trial court in all respects.

---

[2] On appeal, Dr. Wilson has raised two issues which, in essence, attempt to rebut the assertion by the Appellants that this Court should adopt a "loss of chance" theory in this case. For the reasons set forth herein, we find it unnecessary to further entertain Dr. Wilson's arguments in that regard.

## II.
### STANDARD OF REVIEW

Since we are asked to review the trial court's grant of summary judgment to a defendant in the instant litigation, we are bound by the following standard of review:

> Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. A ruling on a motion for summary judgment involves only questions of law and not disputed issues of fact. *Owner-Operator Indep. Drivers Ass'n v. Concord EFS, Inc.*, 59 S.W.3d 63, 68 (Tenn. 2001). Accordingly, the standard for reviewing a grant of summary judgment is *de novo* with no presumption of correctness as to the trial court's findings. *See Webber v. State Farm Mut. Auto. Ins. Co.*, 49 S.W.3d 265, 269 (Tenn. 2001). The evidence must be viewed "in the light most favorable to the nonmoving party," and all reasonable inferences must be drawn in the nonmoving party's favor. *Staples v. CBL Assocs.*, 15 S.W.3d 83, 89 (Tenn. 2000).

*Shelburne v. Frontier Health*, 126 S.W.3d 838, 841 (Tenn. 2003); *see also Kelley v. Middle Tenn. Emergency Physicians, P.C.*, 133 S.W.3d 587, 591 (Tenn. 2004).

## III.
### LAW AND ANALYSIS

Mother and Father argue on appeal that this Court should reverse the trial court's grant of summary judgment to Dr. Wilson and adopt the "loss of chance" doctrine in this medical malpractice case. Our supreme court dealt with the "loss of chance" doctrine in *Kilpatrick v. Bryant*, 868 S.W.2d 594 (Tenn. 1993). In *Kilpatrick*, a doctor filed a motion for summary judgment alleging the plaintiffs failed to prove the necessary elements of a medical malpractice action outlined in section 29-26-115 of the Tennessee Code. *Kilpatrick*, 868 S.W.2d at 597. The supreme court began by noting, "[c]ases involving the 'loss of chance' theory of recovery necessarily focus on the elements of causation and proximate cause." *Id.* at 598 (citing *Kramer v. Lewisville Mem'l Hosp.*, 858 S.W.2d 397 (Tex. 1993)).

"The critical issue in this appeal, as in all loss of chance cases, is whether the Plaintiffs have failed, as a matter of law, to establish the existence of causation, i.e., that the purported medical malpractice actually caused the harm complained of." *Id.* (citations omitted). In affirming the trial court's grant of summary judgment to the doctor, the supreme court stated:

> [W]e are persuaded that the loss of chance theory of recovery is fundamentally at odds with the requisite degree of medical certitude

necessary to establish a causal link between the injury of a patient and the tortious conduct of a physician. As stated earlier, a plaintiff in Tennessee must prove that the physician's act or omission more likely than not was the cause in fact of the harm. *Lindsey*, 889 S.W.2d at 861. This requirement necessarily implies that the plaintiff must have had a better than even chance of surviving or recovering from the underlying condition absent the physician's negligence. . . .

Accordingly, we hold that a plaintiff who probably, i.e., more likely than not, would have suffered the same harm had proper medical treatment been rendered, is entitled to no recovery for the increase in the risk of harm or the loss of a chance of obtaining a more favorable medical result.

*Id*. at 602–03. Therefore, our supreme court has expressly stated that Tennessee does not recognize a cause of action for loss of chance. *Id*. at 603.

"Once the Tennessee Supreme Court has addressed an issue, its decision regarding that issue is binding on the lower courts." *Davis v. Davis*, No. M2003-02312-COA-R3-CV, 2004 Tenn. App. LEXIS 664, at *17–18 (Tenn. Ct. App. Oct. 12, 2004) (citing *State v. Irick*, 906 S.W.2d 440, 443 (Tenn. 1995); *Payne v. Johnson*, 2 Tenn. Cas. (Shannon) 542, 543 (1877)). "The Court of Appeals has no authority to overrule or modify Supreme Court's opinions." *Bloodworth v. Stuart*, 428 S.W.2d 786, 789 (Tenn. 1968) (citing *City of Memphis v. Overton*, 392 S.W.2d 86 (Tenn. Ct. App. 1964); *Levitan v. Banniza*, 236 S.W.2d 90 (Tenn. Ct. App. 1950)); *see also Barger v. Brock*, 535 S.W.2d 337, 340–41 (Tenn. 1976). Accordingly, we must affirm the trial court's decision to grant Dr. Wilson's motion for summary judgment.

## IV.
### CONCLUSION

For the reasons set forth herein, we affirm the trial court's ruling. Costs of this appeal are to be taxed to the Appellants, Mona Lisa Harris and Mark A. Harris, and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE