IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 14, 2017 Session

## JOYCE STOCKTON, ET AL. v. FORD MOTOR COMPANY

**Appeal from the Circuit Court for Madison County**
**No. C-13-6   Roy B. Morgan, Jr., Judge**

_____

## No. W2016-01175-COA-R3-CV

_____

D. MICHAEL SWINEY, C.J., concurring.

I concur fully in the majority Opinion. I also agree with the dissent that this Court "has no authority to overrule or modify Supreme Court's opinions." *Bloodworth v. Stuart*, 428 S.W.2d 786, 789 (Tenn. 1968). I, however, disagree with the dissent regarding duty of care as the Trial Court was in fact cognizant of and adhered to our Supreme Court's majority opinion in *Satterfield v. Breeding Insulation Co.*, 266 S.W.3d 347 (Tenn. 2008). At an April 19, 2016 hearing on Ford's motion for a new trial or judgment in accordance with a directed verdict, the following exchange occurred between the judge and counsel:

THE COURT: Thank you. Thank you, Counselors. And, again, I gave advanced consideration to the arguments that you are presenting to me before today.

This is another situation where, of course, the Court finds again, as I previously ruled, that *Satterfield*, a 2008 case, applies here. There was a duty existing under Tennessee law. I considered Mr. Stockton's testimony and recall it as far as his testimony regarding the warnings or the lack thereof.

And I agree that there was quite a bit of evidence introduced regarding Ford's warnings to its own employees but not warnings to the end users.

But when I consider all of the evidence presented during the course of the trial and in the light most favorable to the plaintiff, I find that the defense motion should be overruled as far as this particular grounds.

Is causation next?

MS. RODRIGUEZ: Well, I think we swept in causation and duty.

THE COURT: Tied it all together.

The facts of *Satterfield* are not identical to those of the present case.  However, the facts herein are sufficiently analogous to *Satterfield* as to the application of the eight factors.  This is not an uncharted or novel extension of duty, but rather is one that logically follows from *Satterfield*.  Both cases involve asbestos exposure.  The same reasoning and policy whereby our Supreme Court found a duty of care extending to an employee's household member applies equally as well to a consumer's household member.  I reject the view that finding and holding a duty of care to a consumer's household exists would lead to a flurry of harmful litigation at odds with public policy.  While such litigation might be harmful to the defendants in such a suit, it is no more or less harmful than other litigation where the actions of those defendants may have resulted in injury to individuals.  I disagree further that adopting my, and the Trial Court's, position is at odds with *Satterfield*.  In my judgment, the Trial Court decided correctly when it acknowledged *Satterfield* and applied its holding to find a duty of care in the present, analogous case.

I also write separately to express my opinion that despite my view that *Satterfield* was adhered to in this case as required, I believe there are inherent and serious problems resulting from *Satterfield*.  The Tennessee Supreme Court in *Satterfield* held that:

> [T]he trial court erred by granting Alcoa a judgment on the pleadings, and the Court of Appeals correctly reversed that order.  Based on the facts in Ms. Satterfield's complaint, we cannot conclude, as a matter of law, that Alcoa did not owe a duty to Ms. Satterfield.  Our ruling does not foreclose the possibility that Ms. Satterfield's estate will not be able to present sufficient evidence to support her claim.  Thus, Alcoa is certainly free to challenge any element of Ms. Satterfield's claim via a motion for summary judgment or motion for directed verdict.

S*atterfield,* 266 S.W.3d at 375.  In other words, the Tennessee Supreme Court held in *Satterfield* only that the unproven allegations in the complaint were sufficient to prohibit granting the defendant a judgment on the pleadings on the issue of whether Alcoa owed a duty to Ms. Satterfield.

My concerns about a trial judge applying the eight balancing factors as set forth in *Satterfield* to determine whether a duty exists results from there involving necessary factual determinations best decided by the jury and not a trial judge.  This is especially so as to the first factor, foreseeability, as "the foreseeable probability of the harm or injury occurring" requires, I believe, a factual determination and is one that the jury ultimately should be required to make.  *Id*. at 367.  The second factor, "the possible magnitude of the potential harm or injury," is likewise a factual question.  *Id*.  In fact, most if not all eight of the *Satterfield* factors involve fact questions that should be resolved not by the trial judge but by the jury.  Certainly foreseeability is a fact question.  If a plaintiff fails to

present sufficient proof as those factors, a defendant still has recourse, as stated by the Supreme Court in *Satterfield*, to move for a directed verdict or to move prior to trial for summary judgment if the defendant can satisfy the requirements for a directed verdict or summary judgment.

In short, I fail to see how in real life a trial judge can determine by utilizing the *Satterfield* factors, especially foreseeability, except in rare situations, that a "defendant does not owe a duty to the plaintiff" without "invad[ing] the province of the jury." *Satterfield*, 266 S.W.3d at 367-68 (footnotes omitted). I, respectfully, suggest that the majority's opinion in *Satterfield* has created a situation where it is almost impossible for the trial court not to invade the province of the jury to determine whether a breach of duty has occurred when the trial court determines whether or not a duty exists, at least as to foreseeability.

I, respectfully, suggest that it may be time for the Tennessee Supreme Court to revisit *Satterfield* as I believe that *Satterfield* has resulted in the jury's role being reduced far beyond what it should be. Unless the material facts are undisputed or the standard for a directed verdict is satisfied, the jury is the trier of fact in these cases. I agree with Justice Holder in her dissent in *Satterfield* that it should be only specific cases in which public policy considerations would mandate that a defendant would owe no duty to a plaintiff even if the defendant's conduct created or put the plaintiff at risk of harm. *Satterfield*, 266 S.W.3d at 377 (Holder, J., concurring and dissenting). It is my view that while *Satterfield* may work in theory, in practice it creates a situation that is at odds with our jury system. This being so, and with all due respect, it is my hope that our Supreme Court will revisit *Satterfield* and hold as Justice Holder suggested in her dissent that "the existence of a duty generally would be presumed as long as the plaintiff has alleged that he or she was harmed by the defendant's conduct." *Id*. This really is not much more than what the majority opinion in *Satterfield* stated when it said "[g]enerally, the presence or absence of a duty is a given rather than a matter of reasoned debate, discussion, or contention." *Satterfield*, 266 S.W.3d at 365. The burden still will be on the plaintiff to prove that the defendant's conduct put the plaintiff at risk of harm, foreseeability, and all the other elements of negligence including breach of duty. This would, in my opinion, restore the jury to its rightful role as the trier of fact as to whether a plaintiff has proven his or her case, especially whether the defendant breached its duty.

_____
D. MICHAEL SWINEY, CHIEF JUDGE

- 3 -